UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JODIE COLLINS III,**

　*Plaintiff*,

v.  　　　　　　　　　　　　　　　　　　Case No. 5:24-CV-01409-JKP

**NORTH PARK LEXUS OF SAN ANTONIO,**

　*Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant North Park Lexus of San Antonio's ("North Park") 12(b)(1) and 12(b)(6) Motion to Dismiss. *ECF No. 8*. Plaintiff Jodie Collins III filed no Response. Because the Court concludes Collins' Amended Complaint will be dismissed *sua sponte* without prejudice for lack of subject matter jurisdiction, North Park's Motion will be denied as moot.

### BACKGROUND

This case arises out of Plaintiff Jodie Collins III's ("Collins") alleged purchase of a 2024 Lexus TX350 with payment in the form of a "bill of exchange." *See ECF Nos. 1-1, 13*. At the outset, the Court notes it recently dismissed another of Collins' cases based on the same "bill of exchange theory." *See No. 5:24-CV-00021*. As did fellow District Judge Xavier Rodriguez. *See No. 25-CV-00253*.

In the instant case, on May 1, 2025, Defendant North Park Lexus of San Antonio ("North Park") filed its 12(b)(1) and 12(b)(6) Motion to Dismiss. *ECF No. 8*. Plaintiff Jodie Collins III filed no Response.

On June 2, 2025, the Court ordered Collins show cause why the Court should not dismiss the Complaint *sua sponte* for lack of subject matter jurisdiction. *ECF No. 9*. Collins filed a Response admitting diversity jurisdiction is lacking but requesting an opportunity to file an Amended Complaint. *ECF No. 10*. The Court ordered Collins file an Amended Complaint and explained should the jurisdictional deficiencies persist this case would be dismissed. *ECF No.* 12. Collins subsequently filed an Amended Complaint. *ECF No. 13*.

Collins' Amended Complaint appears to be substantially the same, except Collins now claims the Court has federal question jurisdiction pursuant to the "Equal Credit Opportunity Act" and "Constitutional provisions including the Bill of Rights and federal fiduciary trust doctrines." *ECF No. 13 at 1*.

## LEGAL STANDARD

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject-matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case in which there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008). Further, the plaintiff, as the party asserting subject-matter jurisdiction, bears the burden of establish-

ing that subject matter jurisdiction exists. *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

The Court must also liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Collins has not alleged facts that establish federal question or diversity jurisdiction.

## ANALYSIS

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008) (citation and internal quotation marks omitted). Collins' Amended Complaint, however, contains no factual allegations that support federal question jurisdiction. *ECF No. 13*. The Amended Complaint relates to breach of contract, violation of the Texas Deceptive Trade Practices Act, and specific performance. *Id. at 3*. "A mere passing reference to federal law or the United States Constitution is insufficient to support jurisdiction under 28 U.S.C. § 1331." *Mega Vape, LLC v. City of San Antonio*, 455 F.Supp.3d 299, 307 (W.D. Tex. 2020) (Pulliam, J.). Accordingly, Collins' fleeting mention of the "Equal Credit Opportunity Act" ("ECOA") and "the Bill of Rights" is insufficient to invoke the Court's federal question jurisdiction. *Id.*[1]

---

[1] *See also, e.g.*, *Girard v. CitiMortgage, Inc.*, No. 12-CV-04264, 2013 WL 5873297, at *2 (N.D. Tex. Nov. 1, 2013)(adopting magistrate judge's dismissal recommendation because plaintiff's "single passing reference" to a federal statute did not constitute a cause of action, and was not "sufficient to support the exercise of federal question

Moreover, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit . . . ." *Hagans v. Levine*, 415 U.S. 528, 536–37 (1974) (internal citation and quotation marks omitted); *see Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves [a federal] question must be more than incantation.").

Further, Collins alleges North Park is a Texas corporation, proffering no facts to establish North Park is a citizen of a different state. *ECF No. 13 at 2*. Thus, based on Collins' own assertions, subject-matter jurisdiction on the basis of diversity is non-existent. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (finding district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted).

Finally, because the Amended Complaint does not present an adequate basis for federal question jurisdiction, and Collins cannot rely on diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any possible state-law claims Collins may be attempting to assert. 28 U.S.C. § 1367(a).

Accordingly, Collins' Amended Complaint will be dismissed *sua sponte* without prejudice for lack of subject matter jurisdiction.[2]

## CONCLUSION

Because the Court finds Collins does not include any federal claim in the Amended Complaint, jurisdiction under 28 U.S.C. § 1331 is lacking. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Collins' Amended Complaint.

---

jurisdiction"); *Deutsche Bank Nat. Trust v. Broussard,* No. 3:13–CV–01400, 2013 WL 3185919, at *2 (N.D. Tex. June 24, 2013) (mere reference to federal statutes insufficient to establish federal question jurisdiction).

[2] Based on this same dearth of plausible facts, it is also clear that even assuming subject matter jurisdiction, Collins has failed to state a legally viable claim for relief. *See Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 705-06 (5th Cir. 2017) (cleaned up) (addressing essential elements to state a claim for relief under the ECOA)

All pending motions, including Defendant North Park Lexus of San Antonio's 12(b)(1) and 12(b)(6) Motion to Dismiss, (*ECF No. 8*), are **DENIED AS MOOT** and the Clerk of Court is **DIRECTED** to terminate this case.

It is so ORDERED.
SIGNED this 24th day of June, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE

5